**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

HARRIETT PIERCE,                                  1:17-CV-882
                                                  (BKS/CFH)
                        Plaintiff,

        v.

HOMECOMINGS FINANCIAL, LLC;
RESIDENTIAL FUNDING COMPANY,
LLC; RESIDENTIAL ACCREDIT LOANS,
INC.; DEUTSCHE BANK TRUST
COMPANY AMERICAS, as Trustee
for securitized Trust Rali series 2007-QS4
trust; MORTGAGE ELECTRONIC
REGISTRATION SYSTEM ("MERS"); and
JOHN DOES 1 THROUGH 100
INCLUSIVE, et al.,

                        Defendants.
_____

**APPEARANCES:**                                  **OF COUNSEL:**

Harriett Pierce
138 Jefferson Street
Saratoga Springs, New York 12866
Plaintiff pro se

Greenberg, Traurig Law Firm                       PATRICK G. BRODERICK, ESQ.
West Palm Beach Office
777 S. Flagler Drive, Ste. 300 East
West Palm Beach, New York 33401
Attorneys for defendant Deutsche
Bank Trust Company Americas

**REPORT-RECOMMENDATION AND ORDER**[1]

    Plaintiff pro se Harriett Pierce commenced this action on August 11, 2017.  Dkt.

_____

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

No.1 ("Compl."). In lieu of paying this Court's filing fee, plaintiff filed an application to proceed in forma pauperis ("IFP"). Dkt. No. 4. Upon review of plaintiff's IFP application, the undersigned concludes that plaintiff may properly proceed IFP.[2] See Dkt. No. 2.

## I. Initial Review

### A. Standard of Review

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting her to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his [or her] submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted); see also Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). However, this does not mean the Court is required to accept unsupported allegations devoid of sufficient facts or claims. Pleading guidelines are

---

[2] Plaintiff is advised that, although her IFP application has been granted, she will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

2

provided in the Federal Rules of Civil Procedure ("Fed R. Civ. P").  Specifically, Rule 8 provides that a pleading which sets forth a clam for relief shall contain, <u>inter alia</u>, "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>See</u> FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of <u>res judicata</u> is applicable."  <u>Flores v. Graphtex</u>, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  <u>Id.</u> at 8(d).  Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  <u>Twombly</u>, 550 U.S. at 570.

A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of a defendant's duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." <u>Gonzales v. Wing</u>, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint."

Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  Id. (citations omitted).

### B.  Complaint

Plaintiff brings this action regarding the apparently improper foreclosure proceeding involving her real property located at 138 Jefferson Street, Saratoga Springs, New York.  Dkt. No. 1 ("Compl.").  Specifically, plaintiff's causes of action are: (1) "lack of standing to foreclose"; (2) "fraud in the concealment," (3) "fraud in the inducement," (4) "unconscionable contract," (5) "breach of contract," (6) "breach of fiduciary duty," (7) "quiet title," (8) and "slander of title."  Id.  She seeks declaratory and injunctive relief, monetary relief "over $100,000 but no more than $2,000,000" and attorney's fees.  Id. at 21

It appears that plaintiff is attempting to bring this action before the Court under its subject matter jurisdiction.  See Dkt. No. 1-1.[3]  In order for this Court to have jurisdiction over this matter, plaintiff must demonstrate that there exists either complete diversity jurisdiction or federal question jurisdiction.  "It is a fundamental precept that federal courts are courts of limited jurisdiction."  Owen Equip. & Erec. Co. v. Kroger, 437 U.S.

---

[3] Plaintiff indicates on the Civil Cover sheet that this case involves diversity jurisdiction; however, plaintiff does not indicate the citizenship of the defendants. Dkt. No. 1-1. Further, under the portion of the Civil Cover sheet that asks for the "U.S. Civil Statute under which you are filing," plaintiff writes 28 U.S.C. § 1331, which is the statute setting forth federal question jurisdiction. Id. Similarly, within plaintiff's complaint, she indicates that the Court has jurisdiction pursuant to 28 U.S.C. § 1331, which is federal question jurisdiction. Compl. at 2 ¶1.

4

365, 374 (1978).  Subject matter jurisdiction may be based either on federal question or the complete diversity of citizenship of the parties.  28 U.S.C. §§ 1331, 1332.  Section 1332 of the Judicial Code provides that federal courts have subject matter jurisdiction on the basis of "diversity jurisdiction" "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, *and* is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1) (emphasis added).  Further, to show diversity jurisdiction, plaintiff must demonstrate she is a citizens of a different states from *all* of the defendants.  Thus, if any defendant is also a "citizen" of New York, there is not complete diversity jurisdiction.  A court may properly dismiss a case where it "lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

Plaintiff has not demonstrated that all defendants are citizens of a different state than plaintiff.  Plaintiff has indicated that defendant Deutsche Bank Trust Company Americas ("Deutsche") is located in Kings County, which is in New York  Id.  Plaintiff does not provide the citizenship of the remaining defendants.[4]   As both plaintiff and Deutsche are citizens of New York, plaintiff cannot demonstrate *complete* diversity jurisdiction.  Thus, this Court will only have jurisdiction over this matter if there is federal question jurisdiction.

Federal question jurisdiction exists where the complaint "establishes either that

---

[4]  Plaintiff indicates that (1) Residential Funding Company "is a corporation, doing business in the County of Saratoga, State of New York, (2) Defendant Residential Accredit Loans, Inc. "is a corporation doing business in the County of Saratoga, State of New York" (3) "Defendant, Mortgage Electronic Registration Services, Inc., aka MERS . . . is doing business in the County of Saratoga, State of New York." Compl. at 2-3.  Despite noting that these defendants are doing business in New York, plaintiff does not indicate where they are headquartered.

5

federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Greenberg v. Bear, Sterns & Co., 220 F.3d 22, 25 (2d Cir. 2000) (internal quotation marks omitted), overruled on other grounds by Doscher v. Sea Port Grp. Sec., LLP, 832 F.3d 372 (2d Cir. 2016)). Plaintiff's complaint surrounds an allegedly improper foreclosure on her house and sets forth various contract law claims, all of which appear to involve issues of state law. Plaintiff's complaint does not set forth any "substantial question of federal law." Greenberg, 220 F.3d at 25. Thus, plaintiff fails to demonstrate the existence of federal question jurisdiction. "Plaintiff's pro se status notwithstanding, subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." Feinstein v. The Chase Manhattan Bank, No. 06-CV-1512, 2006 WL 898076, at *2 (E.D.N.Y. Apr. 5, 2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002) (internal quotation marks and additional citation omitted). Accordingly, as plaintiff's complaint has demonstrated neither complete diversity jurisdiction nor federal question jurisdiction, the Court must dismiss this action, as it does not have jurisdiction to review it.

Ordinarily, a pro se complaint should not be dismissed without giving the plaintiff an opportunity to amend. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) [internal quotation and citation omitted]; see also FED. R. CIV. P. 15(a) (leave to amend "shall be freely given when justice so requires"). Although review of the complaint does not indicate that plaintiff will able to demonstrate either *complete* diversity jurisdiction or federal question jurisdiction even with amendments, it is recommended that plaintiff be

6

given an opportunity to amend her complaint in the event she is able to demonstrate this Court's jurisdiction.[5]

As a final point, the undersigned notes that defendant Deutsche has filed a response in opposition to plaintiff's Motion for Temporary Restraining Order.  Dkt. Nos. 4, 15.  Similarly, Deutsche has filed a motion to Dismiss the complaint pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1), 12(b)(6), Rule 4(k)(1)(A), and Rule 12(b)(3).  Dkt. No. 14.  Although defendant Deutsche has appeared, Dkt. No. 20, it has not yet been served with summonses and complaint.  The remainder of the defendants also have not been served.  Service on defendants will occur only after this Court performs this initial review of the Complaint pursuant to 28 U.S.C. § 1915(e).  Thus, the District Judge assigned to this case will review this Report-Recommendation and Order and determine whether to dismiss the complaint, allow for an opportunity to amend,[6] or allow the current complaint to proceed.[7]

---

[5] Plaintiff is advised that, if she is permitted to submit Amended Complaint, the Amended Complaint must be a complete pleading that will replace and supersede the original Complaint in its entirety.

[6] *If* plaintiff is permitted by the District Judge an opportunity to amend her complaint, service on the defendants may only occur after the Court has the opportunity to perform a separate § 1915 review of the amended complaint and determine whether such amended complaint should proceed. The undersigned further notes that plaintiff has asserted claims against "Doe" defendants in this action. Plaintiff is advised that service cannot be effected on a "Doe" defendant.  Should the Court permit plaintiff's complaint to proceed or allow for an amended complaint to proceed and should plaintiff wish to pursue the claims against any "Doe" defendants, plaintiff must take reasonable steps through discovery to ascertain their identities.  Upon learning the identities of any Doe defendants, the plaintiff will need to seek to amend the complaint in order to properly and timely name the Doe defendants herein.

[7] Plaintiff's complaint seeks a temporary restraining order, and plaintiff has also filed two separate motions for such relief; such filings are currently before the District Judge for review.   Compl. at 20; Dkt. Nos. 2, 11.

7

### III. Conclusion

Wherefore, for the reasons stated here in, it is hereby

**ORDERED**, that plaintiff's motion to proceed In Forma Pauperis (Dkt. No. 4) is **GRANTED**, and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED without prejudice and with opportunity to amend**, to the extent plaintiff may be able to demonstrate this Court's diversity jurisdiction or federal question jurisdiction, and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation and Order on plaintiff in accordance with local rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: October 25, 2017
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

8