**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**HARRIETT PIERCE,**

                                    **Plaintiff,**

**v.**                                                        **1:17-CV-882 (BKS/CFH)**

**HOMECOMINGS FINANCIAL, LLC;**
**RESIDENTIAL FUNDING COMPANY, LLC;**
**RESIDENTIAL ACCREDIT LOANS, INC.;**
**DEUTSCHE BANK TRUSTCOMPANY**
**AMERICAS, as Trustee for Securitized Trust Rali-Series**
**2007-QS4 Trust; MORTGAGE ELECTRONIC**
**REGISTRATION SYSTEM ("MERS"); and**
**JOHN DOES 1 THROUGH 100 INCLUSIVE, et al.,**

                                    **Defendants.**
_____

**Appearances:**

Harriet Pierce, Plaintiff Pro se
Saratoga Springs, New York

Patrick G. Broderick
Greenberg Traurig, LLP
200 Park Avenue, 39th Floor
New York, New York 10166
For Defendant Deutsche Bank Trust Company Americas
as Trustee for Securitized Trust Rali-Series 2007-QS4

Jantra Van Roy
Robert Guttmann
Zeichner Ellman & Krause LLP
1211 Avenue of the Americas
New York, New York 10036
For Defendants Residential Funding Company, LLC,
Homecomings Financial LLC, and Residential Accredit Loans, Inc.

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I.    BACKGROUND

On August 11, 2017, Plaintiff pro se Harriet Pierce filed a Complaint challenging a foreclosure proceeding involving her real property located at 138 Jefferson Street, Saratoga Springs, New York.  (Dkt. No. 1).  Plaintiff also filed a motion for leave to proceed in forma pauperis ("IFP").  (Dkt. No. 4).  On August 28, 2017, Plaintiff filed a motion for a temporary restraining order ("TRO") seeking to prevent Defendants from selling her home or subjecting her to eviction.  (Dkt. No. 11).  On August 30, 2017, the Court issued an Order setting response and reply deadlines with respect to the motion for a TRO and noting that the Complaint failed to allege federal question or diversity jurisdiction.  (Dkt. No. 12).  The Court therefore ordered the parties to address the issue of subject matter jurisdiction.  (*Id*. at 2).  On September 28, 2017, Defendant Deutsche Bank Trust Company Americas, as Trustee for Securitized Trust Rali-Series 2007-QS4 Trust ("Deutsche Bank"), filed a motion to dismiss the Complaint under Rule 12(b)(1)-(3) and (6) and a response in opposition to Plaintiff's motion for a TRO.  (Dkt. Nos. 14, 15).  On October 23, 2017, Plaintiff filed a "Demand for Judicial Review."  (Dkt. No. 23).

In a Report-Recommendation and Order entered on October 25, 2017, United States Magistrate Judge Christian F. Hummel granted Plaintiff's request to proceed IFP but recommended that the Complaint be dismissed with leave to amend "to the extent plaintiff may be able to demonstrate this Court's diversity jurisdiction or federal question jurisdiction."  (Dkt. No. 24, at 8).  Magistrate Judge Hummel advised Plaintiff that under 28 U.S.C. § 636(b)(1), she had fourteen days within which to file written objections to the report and that the failure to object to the report within fourteen days would preclude appellate review.  (*Id*.).  On November

8, 2017, Plaintiff filed objections to the Report-Recommendation (Dkt. No. 27) and a proposed[1]
Amended Complaint (Dkt. No. 28).  Deutsche Bank and Defendant Mortgage Electronic
Registration System ("MERS") subsequently filed motions to dismiss the Amended Complaint
under Rule 12(b)(1)-(2) and (6).  (Dkt. Nos. 32, 35).

For the reasons that follow, the Court adopts the Report-Recommendation and Order and
dismisses the Complaint for failure to allege subject matter jurisdiction; concludes that the
proposed Amended Complaint fails to allege a federal claim or diversity jurisdiction; and denies
Plaintiff's motions for a TRO and judicial review and Deutsche Bank's motions to dismiss as
moot.

## II.    DISCUSSION

### A.    Standard of Review

#### 1.    Objections to Report-Recommendation

Plaintiff objects to the Magistrate Judge's conclusion that the Complaint fails to allege
federal question or diversity jurisdiction.  (Dkt. No. 27).  Plaintiff also objects to the Magistrate
Judge's exercise of authority in this case as well as his failure to address Deutsche Bank's
motion to dismiss.  This Court reviews de novo those portions of the Magistrate Judge's findings
and recommendations that have been properly preserved with a specific objection.  *Petersen v.
Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  "A proper
objection is one that identifies the specific portions of the [Report and Recommendation] that the
objector asserts are erroneous and provides a basis for this assertion."  *Kruger v. Virgin Atl.
Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (quoting *DuBois v. Macy's Retail
Holdings, Inc.*, 11-cv-4904, 2012 WL 4060586, at *1, 2012 U.S. Dist. LEXIS 131678, at *3

---

[1] As the Amended Complaint was filed more than 21 days after service of Deutsche Bank's Rule 12(b) motion,
Plaintiff may amend her pleading "only with the opposing party's written consent or the court's leave."  Fed. R. Civ.
P. 15(a)(1)(B).  Accordingly, the Court construes Plaintiff's submission as a motion to amend the complaint.

(E.D.N.Y. Sept. 13, 2012)). Properly raised objections must be "specific and clearly aimed at particular findings" in the Report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.* "To the extent . . . that the party makes only conclusory or general arguments . . . the Court will review the Report strictly for clear error." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009).

### 2.    Motion to Amend

As noted, following the Report-Recommendation, Plaintiff filed a proposed Amended Complaint, which the Court considers together with her objections. In general, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."). To survive a motion to dismiss, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Since Plaintiff is proceeding pro se, the Court must also liberally construe the proposed Amended Complaint in her favor. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

### B.    Federal Question Jurisdiction

Plaintiff objects to Magistrate Judge Hummel's conclusion that the Complaint failed to allege a basis for federal question jurisdiction, arguing that the Court has jurisdiction "to issue injunctive relief" under Section 1964(c) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c). (Dkt. No. 27, at 6). On de novo review, the Court finds that Magistrate Judge Hummel properly concluded that the Complaint, which contains no reference

to the civil RICO statute, or any language that could be construed as alleging a RICO claim, contained no federal question.

Further, the proposed Amended Complaint, fails to advance allegations stating a plausible RICO claim.[2]  The RICO statute, 18 U.S.C. § 1962(c), makes it "unlawful for any person employed by or associated with any enterprise . . . to conduct or participate in the conduct of such enterprise's affairs through a pattern of racketeering activity."  To state a claim under § 1962(c), "a plaintiff must allege (1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity, as well as injury to business or property as a result of the RICO violation." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013) (internal quotations and citation omitted).  "Racketeering activity consists of the commission of a predicate act."  *Aronov v. Mersini*, No. 14-CV-7998 PKC, 2015 WL 1780164, at *3, 2015 U.S. Dist. LEXIS 51695, at *7 (S.D.N.Y. Apr. 20, 2015).  The RICO statute sets forth a list of acts that qualify as racketeering activity and includes "any act which is indictable under [inter alia] . . . [18 U.S.C] section 1341 (relating to mail fraud), 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud)."  18 U.S.C. § 1961(1)(B); *see Beck v. Prupis*, 529 U.S. 494, 497 n.2 (2000) ("Section 1961(1) contains an exhaustive list of acts of 'racketeering,' commonly referred to as 'predicate acts.'").

To the extent the Amended Complaint may be read to allege that Defendants formed an enterprise for the purpose of fraudulently depriving her of her real property, it fails to adequately plead commission of a predicate act.  Though it alleges fraudulent conduct, the Amended

---

[2] The Local Rules of the Northern District of New York require that when a civil RICO claim is asserted before this Court, "the party asserting such a claim shall file a RICO statement within (30) days of the filing of the pleading containing such a claim."  N.D.N.Y.L.R. 9.2.  Plaintiff commenced this action on August 11, 2017, but has failed to file a RICO statement.  Therefore, Plaintiff's RICO claim may be dismissed for this reason alone.  *See Amaker v. Kelley*, No. 01 Civ. 877, 2009 WL 385413, at *11, 2008 U.S. Dist. LEXIS 123604, at *34 (N.D.N.Y. Feb. 9, 2009), *aff'd*, 399 F. App'x 688 (2d Cir. 2010); *Spoto v. Herkimer County Trust*, No. 99 Civ. 1476, 2000 WL 533293, at *3 n.2, 2000 U.S. Dist. LEXIS 6057, at *9 n.2 (N.D.N.Y. Apr. 27, 2000).  The RICO statement form is available at http://www.nynd.uscourts.gov/sites/nynd/files/general-ordes/GO14_0.pdf.

Complaint does not identify which predicate act or acts listed in §1961(1)(B) Defendants allegedly committed. In any event, "all allegations of fraudulent predicate acts . . . are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b)." *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 178 (2d Cir. 2004). Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see also ECA & Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009). In other words, a plaintiff must: "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004) (internal quotation marks omitted). "Allegations that are conclusory or unsupported by factual assertions are insufficient." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007).

Plaintiff alleges, among other things, that Deutsche Bank "concealed the material fact of possession of accepted . . . lawful payments or securities . . . in order to unjustly take into possession of plaintiffs' property" and that Defendant Homecomings Financial, LLC "concealed the fact that they were not a Federal Reserve Depository Bank," the existence of a third-party "warehouse lender," and the "terms of the [s]ecuritization [a]greements." (Dkt. No. 1, at 13). While many of the allegations in the Complaint are detailed (though often incomprehensible), they fail to meet Rule 9(b)'s particularity requirements because they do not state when and where the statements were made and do not explain why the statements or omissions by Defendants were fraudulent. *See Anatian v. Coutts Bank (Switz.) Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999) (affirming dismissal of RICO claims for "failure to plead fraud with particularity" and noting

that "[e]ven if we were to find that the time and content of [the pleaded] communications met the Rule 9(b) standard, plaintiffs' claim must be dismissed because they failed to allege how those statements were fraudulent").  Accordingly, there is no basis on which to find that the Complaint or proposed Amended Complaint adequately alleges federal question jurisdiction.

### C.    Diversity Jurisdiction

Magistrate Judge Hummel explained that because, according to the Complaint, both Plaintiff and Deutsche Bank are citizens of New York, regardless of the citizenship of the remaining Defendants, Plaintiff "cannot demonstrate complete diversity jurisdiction."  (Dkt. No. 24, at 5).  In support of her objection to Magistrate Judge Hummel's conclusion with respect to diversity, Plaintiff submitted an affidavit stating that she is a "nonresident alien."  (Dkt. No. 27-2).  The affidavit further states, however, that Plaintiff was born in New York "which is one of the sovereign States of the Union of several States joined together to comprise the confederation known as the United States of America" and lists her address as Saratoga Springs, New York.  (*Id*. at 2, 6).  Thus, Plaintiff's objection is without merit.  *See* 28 U.S.C. § 1332(a)(1) (federal courts have subject matter jurisdiction on the basis of "diversity jurisdiction" "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States").

The proposed Amended Complaint, which names Trustco Bank as a Defendant, does not cure this deficiency; it alleges that Trustco Bank is headquartered in Glenville, New York.  (Dkt. No. 28, at 2).  Thus, there being, as discussed in Part II. B., no plausible federal claim in the proposed Amended Complaint, the Court declines to exercise jurisdiction over the remaining state-law claims.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be

considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

    **D.**    **Remaining Motions**

Having concluded that the Complaint and proposed Amended Complaint fail to allege a basis for federal question or diversity jurisdiction, the Court need not reach Plaintiff's remaining arguments with respect to the Report-Recommendation and denies Plaintiff's motion for a TRO as well as the motions to dismiss by Deutsche Bank and MERS. The Court, however, adopts Magistrate Judge Hummel's recommendation that Plaintiff be given an opportunity to amend her complaint in the event she is able to demonstrate this Court's jurisdiction.

## III.    CONCLUSION

For these reasons, it is

**ORDERED** that the Report-Recommendation and Order (Dkt. No. 24) is adopted in its entirety; and it is further

**ORDERED** that the Complaint (Dkt. No. 1) and proposed Amended Complaint (Dkt. No. 28) are dismissed without prejudice; and it is further

**ORDERED** that Plaintiff's motion for a TRO (Dkt. No. 11) and motion for judicial review (Dkt. No. 23) are denied as moot; and it is further

**ORDERED** that all of the pending motions to dismiss (Dkt. Nos. 14, 32, 35) are denied as moot; and it is further

**ORDERED** that if Plaintiff fails to file a proposed amended complaint demonstrating this Court's jurisdiction within thirty (30) days of the date of this Order, the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 4, 2017

Brenda K. Sannes
U.S. District Judge