**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

HARRIETT PIERCE,                                                    1:17-CV-882
                                                                                    (BKS/CFH)
                                             Plaintiff,

            v.

HOMECOMINGS FINANCIAL, LLC;
RESIDENTIAL FUNDING COMPANY,
LLC; RESIDENTIAL ACCREDIT LOANS,
INC.; DEUTSCHE BANK TRUST
COMPANY AMERICAS, as Trustee
for securitized Trust Rali series 2007-QS4
trust; MORTGAGE ELECTRONIC
REGISTRATION SYSTEM ("MERS"); and
JOHN DOES 1 THROUGH 100
INCLUSIVE, et al.,

                                             Defendants.

_____

**APPEARANCES:**                                    **OF COUNSEL:**

Harriett Pierce
138 Jefferson Street
Saratoga Springs, New York 12866
Plaintiff pro se

Greenberg, Traurig Law Firm                     PATRICK G. BRODERICK, ESQ.
West Palm Beach Office
777 S. Flagler Drive, Ste. 300 East
West Palm Beach, New York 33401
Attorneys for defendants
Deutsche Bank Trust Company Americas,
MERS

Zeichner, Ellman Law Firm                        ROBERT GUTTMANN, ESQ.
1211 Avenue of the Americas
New York, New York 10036
Attorney for defendants
Homecomings Financial, LLC,
Residential Funding Company, LLC,
Residential Accredit Loans, Inc.

**Hon. Christian F. Hummel**
**U.S. Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER[1]

### I. Background

On October 25, 2017, upon review of plaintiff's original complaint pursuant to 42 U.S.C. § 1915, the undersigned issued a Report-Recommendation and Order granting plaintiff's motion to proceed in forma pauperis and recommending dismissal of plaintiff's complaint without prejudice and with opportunity to amend "to the extent plaintiff may be able to demonstrate this Court's diversity jurisdiction or federal question jurisdiction." Dkt. No. 24. On November 8, 2017, plaintiff filed objections to the Report-Recommendation and Order and an amended complaint. Dkt. Nos. 27, 28. On December 4, 2017, District Judge Brenda K. Sannes adopted the Report-Recommendation and Order in its entirety, dismissing plaintiff's complaint without prejudice and with opportunity to replead. Dkt. No. 36. Within her Decision and Order adopting the Report-Recommendation and Order, Judge Sannes reviewed the amended complaint (dkt. no. 28), which was filed after the Report-Recommendation and Order. Id. Judge Sannes concluded that the amended complaint failed to state a claim under diversity jurisdiction or federal question jurisdiction and dismissed the amended complaint without prejudice and with opportunity to amend. Id. On January 4, 2018, plaintiff filed a second amended complaint. Dkt. No. 37. Presently pending before the undersigned is the review of plaintiff's second amended complaint pursuant

---

[1] The undersigned reviews plaintiff's second amended complaint by Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b).

to 42 U.S.C. § 1915.  Dkt. No. 37.[2]

## II.  Review of Second Amended Complaint

### A.  Standard of Review

As set forth in the Court's first Report-Recommendation and Order, Dkt. No. 24,

section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks

to proceed IFP, "the court shall dismiss the case at any time if the court determines that

. . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to

determine that a plaintiff may properly maintain his complaint before permitting her to

proceed with her action.   Where a plaintiff's original complaint is dismissed with leave

to amend following the Court's section 1915 review," section 1915 allows review of an

amended complaint thereafter filed in order to determine whether the amended

complaint meets the requirements.  See 28 U.S.C. § 1915(a).

Where, as here, the plaintiff proceeds pro se, "the court must construe his [or

her] submissions liberally and interpret them to raise the strongest arguments that they

---

[2]  On October 13, 2017, defendant Deutche Bank Trust Company Americas filed a Notice of Appearance.  Dkt. No. 20.  On November 29, 2017, defendant Mortgage Electronic Registration System filed a notice of appearance.  Dkt. No. 33.  On November 22, 2017, defendant Deutche Bank Trust Company Americas filed a motion to Dismiss for Failure to State a Claim.  Dkt. No. 32.  On November 29, 2017, Mortgage Electronic Registration System joined in defendant Deutche Bank Trust Company Americas' Motion to Dismiss.  Dkt. No. 35.  On January 16, 2018, defendant Deutche Bank Trust Company Americas and Mortgage Electronic Registration System filed a Motion to Dismiss the Amended Complaint.  Dkt. No. 38.  As this Court dismissed both plaintiff's original complaint and amended complaint following section 1915 review (dkt. no. 36) and the amended complaint is currently before the Court for review, defendants' motions to dismiss are premature as there has not been a complaint that has been approved following section 1915 and defendants have not been served.

suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam)
(internal quotation marks omitted); see also Hernandez v. Coughlin, 18 F.3d 133, 136
(2d Cir. 1994).  However, this does not mean that the Court is required to accept as true
unsupported allegations devoid of sufficient facts or claims.  Pleading guidelines are
provided in the Federal Rules of Civil Procedure ("Fed R. Civ. P").  Specifically, Rule 8
provides that a pleading which sets forth a clam for relief shall contain, inter alia, "a
short and plain statement of the claim showing that the pleader is entitled to relief."
See FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being
asserted so as to permit the adverse party the opportunity to file a responsive answer,
prepare an adequate defense and determine whether the doctrine of res judicata is
applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation
marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's
> jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the
> pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make
clear that each allegation contained in the pleading "must be simple, concise, and
direct." Id. at 8(d).  Ultimately, the plaintiff must plead "enough facts to state a claim to
relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570
(2007).  A complaint that fails to comply with the pleading requirements "presents far
too a heavy burden in terms of a defendant's duty to shape a comprehensive defense

4

and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

### B.  Section 1915 Review

#### 1.  Second Amended Complaint

It is clear from the face of the second amended complaint that plaintiff cannot demonstrate diversity jurisdiction, and plaintiff's second amended complaint attempts to invoke only this Court's federal question jurisdiction as well as supplemental jurisdiction. Dkt. No. 37 at 1. Plaintiff's second amended complaint states that "[t]he jurisdiction of this Court is invoked pursuant to 42 U.S.C. 2000e-5(f)(3)[3], 28 U.S.C. 1331[4] and

---

[3] 42 U.S.C. § 2000e-5(f)(3) provides:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of title 28, the

1343(a)(3)-(4)[5], and 28 U.S.C. 1367(a)[6] for claims arising under New York State Human

Rights Law and the New York City Administrative Code, based on supplemental

jurisdiction over claims that arise from a common nucleus of operative fact and are so

intertwined with other matters pending before the Court as to make exercise of

supplemental jurisdiction appropriate." Id. Plaintiff also provides that her claim is

brought pursuant to 42 U.S.C. §§ 1983, 1988 and the Declaratory Judgment Act, 28

---

> judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

[4] 28 U.S.C. § 1331 sets forth that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[5] 28 U.S.C. § 1343(a), Civil Rights and Elective Franchise, provides

> The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: . . . (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
> (4) To recover damages or secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

28 U.S.C. § 1343(a), (3)-(4).

[6] 28 U.S.C. § 1367(a), Supplemental jurisdiction, provides

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

U.S.C. §§ 2201, 2202.  She further contends that defendants violated the Fourth and

Fourteenth Amendments to the United States Constitution and "the 'Fair Housing Act'

under the law of the State of New York."  Dkt. No. 37 at 2.


## 2. Assessment

Plaintiff entitles her second amended complaint as a "Complaint for Civil Rights

Violations and Breach of Trust."  Dkt. No. 37 at 1.  The only cause of action of plaintiff's

second amended complaint that arguably suggests the involvement of a federal

question is her second cause of action under the Fair Housing Act, entitled

Discrimination.  In the second cause of action, plaintiff suggests that defendants

discriminated against her "in the sale or rental of housing and other prohibited practices

as made applicable by section 803 of this title," referencing 42 U.S.C. § 3406, insofar

as they "Refuse to sell or rent after the making of a bona fide offer, or to refuse to

negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to

any person because of race, color, religion, sex, familiar status, or national origin."  Dkt.

No. 37 at 6.  Plaintiff also cites to 42 U.S.C. § 3605,[7] Discrimination in Residential Real

---

[7] 42 U.S.C. §3605:
　　Discrimination in residential real estate-related transactions.
　　(a)  In general
　　It shall be unlawful for any person or other entity whose business includes
　　engaging in residential real estate-related transactions to discriminate
　　against any person in making available such a transaction, or in the
　　terms or conditions of such a transaction, because of race, color, religion,
　　sex, handicap, familial status, or national origin.

　　(b)  "Residential real estate-related transaction" defined As used in this
　　section, the term "residential real estate-related transaction" means any
　　of the following:
　　(1)  The making or purchasing of loans or providing other financial

Estate-Related Transactions.  Id.  However, despite citing these sections of the Fair Housing Act, plaintiff makes no factual allegations to support her conclusory assertion that she was discriminated against on the basis of race, color, religion, sex, handicap, familial status, or national origin in order to come under the purview of this statute.  42 U.S.C. § 3605.

The second amended complaint's remaining causes of action – Negotiable Instrument (Cause of Action I), Trespass (Cause of Action III), Failure of Consideration (Cause of Action IV), and Breach of the Covenant of Good Faith and Fair Dealing (Cause of Action V) appear to set forth state law claims.  See Dkt. No. 37.  Although plaintiff makes reference to 42 U.S.C. §§ 1983, 1988 in the "Introduction" section of her second amended complaint and contends that defendants violated the Fourth and Fourteenth Amendments to the United States Constitution, Dkt. No. 37 at 2, beyond listing these statutes and constitutional amendments in the opening of her second amended complaint, nowhere else does plaintiff mention these statutes or explain how defendants violated her Fourth and Fourteenth Amendment rights under section 1983.

---

assistance—
(A)   for purchasing, constructing, improving, repairing, or maintaining a dwelling; or

(B)   secured by residential real estate.

(2)   The selling, brokering, or appraising of residential real property.

(c)   Appraisal exemption

Nothing in this subchapter prohibits a person engaged in the business of furnishing appraisals of real property to take into consideration factors other than race, color, religion, national origin, sex, handicap, or familial status.

42 U.S.C. § 3605.

Moreover, to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that (1) "some person has deprived him of a federal right," and (2) "the person who has deprived him of that right acted under color of state . . . law." Velvez v. Levy, 401 F.3d 75, 84 (2d Cir. 2005) (citation omitted); see 42 U.S.C. § 1983. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 941 F.2d 1292, 1295-96 (2d Cir. 1991) (citing Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)). Plaintiff fails to explain how the proposed defendants, who all appear to be private corporate entities, were either state actors or acted under the color of state law in order to make section 1983 applicable to her claims. The definition of acting "under color of state law" requires the plaintiff to show that the defendant "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Kern v. City of Rochester, 93 F.3d 38, 43 (2d Cir. 1996) (quoting West v. Atkins, 487 U.S. 42, 49 (1988) (internal quotation marks and citation omitted)). Plaintiff has not made any such showing.

Further, insofar as plaintiff cites 42 U.S.C. § 1988 in the introduction of her second amended complaint, Dkt. No. 37 at 2, this statute provides a fee-shifting provision relating to attorneys fees and is not an independent basis for jurisdiction. See generally Harris v. Obenshain, 452 F. Supp. 1172, 1172, n.1 (E.D. Va. 1978) ("Plaintiff alleges violations of 42 U.S.C. 1988 but that statute is merely procedural and does not

create rights or confer jurisdiction."). In addition, although she cites it in her introduction section of her second amended complaint, plaintiff fails to explain how 42 U.S.C. § 20000e-5(f)(3) applies. Dkt. No. 37 at 1.

Similarly, although plaintiff cites the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, beyond setting forth this statute in her second amended complaint's "jurisdiction" section, plaintiff makes no mention of it elsewhere in her complaint or explain how it applies. Dkt. No. 37 at 2. Arguably, as plaintiff is demanding declaratory relief, a liberal reading of her second amended complaint may suggest that she is attempting to state that the Declaratory Judgment Act provides this Court with jurisdiction over this action. However, the Declaratory Judgment Act does not provide this Court with jurisdiction. "The Declaratory Judgment Act does not enlarge the jurisdiction of the federal courts; it is 'procedural only.'" Vaden v. Discover Bank, 556 U.S. 49, 70 n.19 (2009). Thus, for the Declaratory Judgment Act to apply, the Court must otherwise have independent subject matter jurisdiction over the case. See Westcode, Inc. v. Mitsubishi Electric Corp., 171 F. Supp. 3d 43, 52 (N.D.N.Y. 2016); "That this action seeks a declaratory judgment does not alter the jurisdictional analysis; the Declaratory Judgment Act extended a new form of relief to litigants but did not extend the federal courts' jurisdiction." St. Regis Mohawk Tribe v. Cuomo, 09-CV-896 (LEK/TWD), 2013 WL 4054702, at *2 n.4 (N.D.N.Y. Aug. 12, 2013).[8]

Confusingly, plaintiff's second amended complaint, within its Statement of Facts, attempts to set forth "terms" that she appears to seek defendants to accept. Dkt. No.

---

[8] Unpublished decisions cited herein have been provided to plaintiff pro se.

37 at 3 ¶¶30-60.  Plaintiff states that respondent "agrees and consents to this administrative notice and default under this affidavit as clear and convincing evidence of he proof of the facts asserted herein," and lists several paragraphs of statements which sets forth various concessions, waivers, and admissions relating to this underlying action.  Id.  To the extent plaintiff attempts to set forth a proposed settlement agreement within her second amended complaint, such is not the proper avenue for such efforts.

Plaintiff argues that this Court has jurisdiction over this action through its supplemental jurisdiction.  Although, generally, this Court has the discretion to exercise its supplemental jurisdiction to review state law claims in some cases, Block v. First Blood Assocs., 988 F.2d 344, 351 (2d Cir. 1993), where there is no meritorious federal claim before the Court, the district court should decline to exercise its supplemental jurisdiction to review any related state law claims.  See, e.g., Purgess v. Sharrock, 33 F.3d 134 (2d Cir. 1994).  As plaintiff's second amended complaint fails to demonstrate the involvement of a federal question, and, thus, this Court's jurisdiction, and the undersigned recommends dismissal of all arguable federal claims, it is recommended that this Court also decline to exercise jurisdiction over plaintiff's state law claims.  See Kaminski v. Commissioner of Oneida Cty. Dept. of Soc. Services, 804 F. Supp. 2d 100, 107 (N.D.N.Y. 2011) (quoting 28 U.S.C. § 1367(c)(3)).

## III.  Conclusion

Interestingly, through plaintiff's three complaints submitted to this Court, plaintiff

appears to be taking the approach of throwing everything at the wall to see what sticks. She appears to have abandoned her attempts at demonstrating federal jurisdiction through the avenues she attempted to raise in her objections to the Report-Recommendation and Order and first amended complaint.  Dkt. Nos. 27, 28.  Although the undersigned is mindful that plaintiff is proceeding pro se, and, thus, out of special solicitude, affords her second amended complaint a liberal reading, review of the second amended complaint (Dkt. No. 37), in addition to the earlier two dismissed complaints (Dkt. Nos. 1, 28), demonstrates to the undersigned that plaintiff's claims involve solely issues of state law.  Thus, the undersigned recommends that the second amended complaint be dismissed.

The undersigned further recommends that the dismissal be with prejudice and without leave to replead.  Generally, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend "at least once" "when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991).  However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); see also Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").  Thus, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend."  Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993).

Plaintiff now has been given three opportunities to attempt to demonstrate this Court's jurisdiction, and it is the undersigned's opinion that plaintiff's latest attempt also fails to demonstrate the existence of either diversity or federal question jurisdiction.   It does not appear that allowing a fourth attempt would set forth a cognizable federal claim. Thus, the undersigned recommends that the second amended complaint be dismissed with prejudice and without leave to replead.

WHEREFORE, for the reasons stated herein, it is hereby

RECOMMENDED, that pursuant to 42 U.S.C. § 1915(e)(1)(2)(B)(ii), plaintiff's second amended complaint (Dkt. No. 37) be DISMISSED WITH PREJUDICE and without leave to replead, and it is

ORDERED, that the Clerk of the Court serve this Report-Recommendation and Order on plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff has FOURTEEN (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.  See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: February 1, 2018
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge